Dear Mr. LeBlanc:
Reference is made to your request for an Attorney General's opinion on behalf of the Twenty-third Judicial District Court Judges. According to your correspondence, you have advised the Judges of your opinion that judicial expense funds may be utilized to pay the cost of dental insurance premiums for the Judges and their dependents. On behalf of the Judges, you have asked that we review your opinion, and advise if we concur in same.
Respectfully, we are constrained to advise that in the opinion of this office judicial expense funds cannot be used for the payment of dental insurance premiums on behalf of the district judges and their dependents. In accord: Attorney Generals Opinions No. 88-632 and 76-89.
The judicial expense fund for the Twenty-third Judicial District Court is authorized and established in accordance with LSA-R.S.13:996.54, and pertinently provides that the judges of the court, en banc, "shall have control over the fund and all disbursements therefrom." We note specifically, as I am sure you did, that LSA-R.S. 13:996.54 pertinently provides:
 "In general, the judicial expense fund is established and may be used for any purpose connected with, incidental to, or related to the proper administration or function of the court or the offices of the judges, and is in addition to any and all other funds, salaries, expenses, or other monies that are now or hereafter provided, authorized, or established by law for any of the aforesaid purposes."
The provision goes on to state, in pertinent part:
 "No salary shall be paid from the judicial expense fund for the Twenty-third Judicial District to any of the judges thereof except as may be paid for administering the fund and then only after prior legislative approval."
Although much of the above-quoted language appears quite broad, LSA-R.S. 13:996.54 cannot be read in a vacuum. It must be read inpari materia with provisions of law that specifically apply to the benefits of employment payable to district judges. C.C. Art. 13.
In this regard, we note that LSA-R.S. 13:691B, pertaining to the compensation to be paid district judges and certain other judges, pertinently provides:
 "No judge whose salary is provided for herein shall receive for his services as a judge, directly or indirectly, any additional salary, compensation, emolument, or benefit from the state or any of its political subdivisions except:
* * *
 (3) Payment of premiums for health, medical, dental, and hospitalization insurance programs contributions to which shall be at the same rate as those paid by other state employees."
This office has previously determined that the funds which comprise judicial expense funds must be considered to be public funds, and specifically `state funds'. Attorney General's Opinion No. 88-632. In our opinion, LSA-R.S. 13:691B clearly prohibits district judges from accepting payment from the judicial expense fund or from any other public source, for dental insurance, unless the judges contribute payments to premiums at the same rate as is paid by other state employees. In accord: Attorney Generals Opinions No. 88-632 and 76-89.
The undersigned has confirmed with counsel to the Office of Group Benefits that although a dental health plan is made available to state employees, employees are required to contribute 100% of the cost of the premium for their dental insurance. Accordingly, we must advise that payment of any percentage of the dental coverage provided to a district judges or his dependents from the judicial expense fund would be tantamount to allowing the judge to receive a prohibited addition to his salary.
We note, as you did, that Attorney General's Opinion No. 96-68 determined that funds provided under LSA-R.S. 13:352(C) could be used by the Fifth Circuit Court of Appeal to purchase dental insurance coverage for all of the court's employees, including the judges. However, we also note that although the provisions of LSA-R.S. 13:691 apply to district judges, those provisions do not apply to the judges of the appellate courts of this state.
We trust the foregoing to be of assistance, and regret that in this instance we could not agree with the conclusions you reached in this regard.
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
BY: ________________________________
JEANNE-MARIE ZERINGUE BARHAM
Assistant Attorney General
CCF, jr./JMZB/dam